**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


TAYFUN CALISKAN,

     Petitioner,

v.                                                                  Case No. 2:26-cv-00414-DHU-GJF

DORA CASTRO, Warden, Otero County
Processing Center; MARY DE ANDA-
YBARRA, Field Office Director, El Paso
Field Office; TODD M. LYONS, Acting
Director of ICE, KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
PAMELA BONDI, Attorney General of the
United States,

     Respondents.

## <u>ORDER GRANTING HABEAS PETITION</u>

This matter comes before the Court on Petitioner Tayfun Caliskan's Petition for Writ of

Habeas Corpus ("Petition"). Doc. 3. Petitioner alleges that his prolonged detention in immigration

custody after his removal order became final violates the Due Process Clause of the Fifth

Amendment and the Immigration and Nationality Act ("INA"). *Id.* at ¶¶ 51-70. Specifically,

Petitioner contends his removal is not reasonably foreseeable, and his continued detention

therefore violates 8 U.S.C. § 1231 under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at ¶¶ 66-70.

The Petition asks the Court to declare Petitioner's detention unlawful and to grant a writ of habeas

corpus ordering Respondents to immediately release Petitioner. *Id.* at 12. Having considered the

Petition and the relevant and applicable law, the Court finds that the Petition should be

**GRANTED**.

# I.
# BACKGROUND

The Court has previously discussed the relevant facts and procedural history of this case in its Order Granting Petitioner's Motion for a Temporary Restraining Order ("TRO"). Doc. 11. Neither party has provided additional information since that Order, and the briefing period has concluded.[1] Accordingly, the Court incorporates by reference the procedural background and factual findings discussed in its TRO. As a brief summary of the relevant facts, Petitioner Tayfun Caliskan is a citizen of Turkey who entered the United States in 2024. Doc. 3-2 at 1. Petitioner was issued a Notice to Appear charging him as removable the day after his entry. *Id.* On May 15, 2025, the Immigration Judge ("IJ") assigned to Petitioner's case found him inadmissible but granted withholding of removal to Turkey. Doc. 3-3 at 3. Petitioner was therefore ordered removed to any country but Turkey. *Id.* at 5. Both parties waived appeal at the hearing, *id.* at 6, making the order administratively final as of that date. When Petitioner filed his Petition on February 17, 2026, he had been continuously detained since May 15, 2025. Doc. 3 at ¶ 33.

Petitioner's habeas petition seeks his release, alleging violations of the INA and his due process rights. *Id.* at ¶¶ 51-70. In a Motion for TRO, Petitioner sought immediate release, which this Court granted after finding he was substantially likely to succeed on the merits of his claim, that he faced irreparable harm in detention, and that the balance of the equities and the public interest weighed in favor of emergency relief. *See* Doc. 11.

The Court now addresses Petitioner's underlying habeas petition.

---

[1] In fact, Respondents did not respond to Petitioner's Motion for TRO *or* the Petition itself, despite orders to do so.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA's post-removal detention provisions and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. at 690 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

In its TRO, the Court addressed—in a preliminary fashion—the merits of Petitioner's due process claim and INA claim, finding a substantial likelihood of success on the merits of both. Neither party has provided additional facts or legal argument since the Court issued its TRO. The Court remains convinced that at the time of his Petition, Petitioner was detained well beyond the presumptively reasonable six-month period identified in *Zadvydas* and that he provided the Court with good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. The Government provided no Response to this Petition and accordingly submitted no evidence rebutting Petitioner's showing. The Court therefore incorporates by reference the merits

3

analysis contained in its TRO, *see* Doc. 11 at 6-8, and finds that Petitioner's prolonged detention violated § 1231 and his due process rights.

The Court's previous TRO ordered Petitioner's release and enjoined his re-detention absent a showing by the Government that his removal was reasonably foreseeable. In granting the Petition now, the Court makes that preliminary relief permanent.

## IV.
## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS THEREFORE ORDERED** that the preliminary relief ordered by this Court, Doc. 11, is permanently extended. Respondents remain **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Petitioner's removal is reasonably foreseeable and that detention is necessary to bring about his removal.

Petitioner may submit an application for attorney's fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than 14 days after Petitioner's application is filed with this Court.

The Court declines to grant Petitioner's remaining requests for relief.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4